# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **GENE P. KELLY,** | CASE NO. 3:21 CV 605 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **SHELLPOINT MORTGAGE SERVICING,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### BACKGROUND

This is a *pro se* action filed by Plaintiff Gene P. Kelly against Defendant Shellpoint Mortgage Servicing concerning a mortgage loan. On February 11, 2021, this Court dismissed a prior action Plaintiff filed against Defendant concerning the same loan. *See Kelly v. Shellpoint Mortg. Servicing*, No. 3:20 CV 2341 (N.D. Ohio). In the prior action, Plaintiff brought claims alleging Defendant: (1) demanded funds from him in connection with the mortgage loan, and (2) failed to respond to his requests for information or "writ of discovery" regarding the loan. *See id.* at Doc. 1-1. In a written opinion, this Court dismissed his prior action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See id*. at Doc. 11 (Memorandum Opinion and Order dated February 11, 2021).

In this case, which Plaintiff filed after dismissal of the prior action, Plaintiff again seeks relief against Defendant in connection with the same mortgage loan and alleged conduct as the first action. Here, in his Amended Complaint, Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect payments on his loan and failing to respond to his requests for information or "writ of discovery." (Doc. 3, at 2, 6).

Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12 (b)(6) on the basis that it is barred by *res judicata*. (Doc. 4). Plaintiff has not specifically responded to Defendant's Motion or addressed its *res judicata* argument. Instead, Plaintiff filed a "Motion to Compel Response to Writ of Discovery." (Doc. 5).

## STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, although pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted), even a *pro se* complaint must meet this standard to avoid a dismissal, *see Lea v. Tracy Langston Ford, Inc.*, 2019 WL 9171095, at *3 (6th Cir.) (applying Rule 12(b)(6) standard to *pro se* complaint).

Upon review, the Court agrees with Defendant that Plaintiff's action is barred by *res judicata*.

Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been* raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added). "Claim preclusion prevents parties from litigating matters that should have been advanced in an earlier suit." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (internal quotation and citation omitted). Specifically, a claim asserted in a subsequent lawsuit is precluded where the defendant shows: "(1) a final judgment on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Id.* (internal quotation and citation omitted).

Defendant demonstrates all four elements of claim preclusion are present here. *See* Doc. 4.

Although Plaintiff asserts a new legal theory for seeking relief against Defendant in his Amended Complaint in the instant case, he already pursued and lost a lawsuit against Defendant based the same "transaction" in the prior case, *i.e.*, Defendant's alleged conduct in collecting payments on Plaintiff's mortgage loan and failing to respond to his requests for information regarding the loan. This Court issued a final judgment in Plaintiff's prior case, finding he failed to state a plausible claim. *See Kelly*, No. 3:20 CV 2341 (N.D. Ohio) (Doc. 11). Therefore, any claim Plaintiff purports to now assert under the FDCPA (or other law) based on the same mortgage loan and allegations regarding his request for information is barred by *res judicata* because Plaintiff could and should have asserted the claim in his prior lawsuit. *See, e.g., Deel v. Wells Fargo Bank,*

*N.A.*, 2016 WL 1301166, at *6 (N.D. Ohio) (finding claims related to a mortgage loan including

under the FDCPA barred by *res judicata* and granting a motion to dismiss); *see also Westwood*

*Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) ("The purpose of res judicata is to

promote the finality of judgments and thereby increase certainty, discourage multiple litigation,

and conserve judicial resources.").

Further, the Court agrees that Plaintiff's Motion to Compel (Doc. 5), must be denied. The

motion is incomprehensible and, regardless, moot as Plaintiff's action is barred by *res judicata*.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 4) be, and the same hereby is,

GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion to Compel (Doc. 5) be, and the

same hereby is, DENIED; and the Court

CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

not be taken in good faith.


s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE